IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              Plaintiff,
     vs.                                    **Case No. 07-40005-01-RDR**

DARVELIO VALDIVIA-ALVARADO,

              Defendant.
_____

                            **MEMORANDUM AND ORDER**

     On August 3, 2007 the court sentenced the defendant.  The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

     The defendant entered a guilty plea to transporting illegal aliens in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). Following the preparation of the presentence report, the defendant filed one objection to it.

     The defendant objects to the enhancement of his base offense level under U.S.S.G. § 2L1.1(b)(6).  He contends that his conduct did not constitute intentional or reckless behavior creating a substantial risk of death or serious bodily injury to another person.  He argues that the circumstances here, taken separately or together, do not constitute recklessness, let alone intentional creation of unreasonable risk to the passengers of the vehicle. The probation office has determined that the enhancement should be applied because (1) the vehicle the defendant was driving was

designed to seat 7 people and it was carrying 10; (2) the third row of seats had been removed and at least 4 people had no access to seatbelts; and (3) the road conditions at the time of the accident were poor due to snow and ice.

The facts are not in dispute. On January 31, 2007, at approximately noon, a 1998 Dodge Caravan minivan driven by the defendant skidded off Interstate 70 near Junction City, Kansas and rolled over three or four times. The road conditions were poor. The temperature was below freezing and the roadway was covered with light snow and patches of ice. A highway patrol trooper described the roadway as "very slick." At the time of the accident, there were 11 occupants in the minivan, including the defendant. All of the occupants were illegally present in the United States. The third row of seats in the minivan, along with the attached seatbelts, had been removed. The defendant had borrowed the minivan for the trip. The seat had been removed before he borrowed it.

The trip had begun in Phoenix, Arizona and was to end in Kansas City, Missouri. The defendant was driving the minivan at the direction of another individual. He was given $600 to make the trip, but this money was to be used for gas and food for the people in the van. The defendant has stated that he did not intend to profit from the trip. During travel, four to five of the occupants would lie in the area where the seat had been removed. The

accident resulted in the death of one of the occupants. He had been lying in the area where the seat had been removed just prior to the accident.

The section of the Guidelines titled "Smuggling, Transporting, or Harboring an Unlawful Alien," U.S.S.G. § 2L1.1(b)(6), provides as follows:

> If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18.

Application Note 5 to § 2L1.1(b)(6) provides as follows:

> Reckless conduct to which the adjustment from subsection (b)(6) applies includes a wide variety of conduct (e.g., transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition).

The conduct to which the enhancement applies is not limited to the particular conduct described in the commentary's examples, but all of these examples encompass situations that, for one reason or another, pose inherently dangerous risks to the aliens being transported. See United States v. Aranda-Flores, 450 F.3d 1141, 1144 (10th Cir. 2006). The court must determine whether the defendant's transportation of the aliens in this case constituted an inherently dangerous risk to them.

Courts, including the Tenth Circuit, have applied the enhancement to smugglers who transported aliens in overcrowded

3

motor vehicles or without seatbelts. See United States v. Maldonado-Ramires, 384 F.3d 1228, 1229 (10th Cir. 2004) (five passengers forced to lie on the floor of a minivan after the rear seats and seatbelts had been removed); United States v. Cardena-Garcia, 362 F.3d 663, 664 (10th Cir. 2004) (seventeen illegal aliens crammed "into a van designed to hold only seven passengers"); United States v. Jose-Gonzalez, 291 F.3d 697, 699 (10th Cir. 2002) (sixteen passengers forced to lie on the floor of a van after the rear seats and seatbelts had been removed). But in United States v. Solis-Garcia, 420 F.3d 511 (5th Cir. 2005), the Fifth Circuit concluded that the act of transporting four aliens lying in the cargo area of a minivan, with no aggravating factors, does not constitute an inherently dangerous practice such as to create a substantial risk of death or serious bodily injury to those aliens. Solis-Garcia, 420 F.3d at 515-16.

The Tenth Circuit, in Aranda-Flores, applied the following definition of reckless in a case considering the application of U.S.S.G. § 2L1.1(b)(5), which is now § 2L1.1(b)(6):

> Reckless means a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation. Reckless conduct necessarily excludes conduct which is merely negligent.

450 F.3d at 1145 (citations and internal quotations omitted).

In carefully considering the circumstances here as well as

4

applicable standards, the court is not persuaded that the enhancement should be applied.  In reaching this decision, we believe this case is very similar to Solis-Garcia.  We do not find the aggravating factors that led to the application of the enhancement in other cases such as Maldonado-Ramires.  As correctly pointed out by the defendant, the circumstances here differ from those in Maldonado-Ramires.  There, the Tenth Circuit focused upon the control exerted by the defendant over the aliens.  The defendant mandated that five of the six aliens he was transporting in the minivan remain prone on the floor of the van.  There is no evidence of such control in this case.  While the actions of the defendant may have been negligent, we do not find that they were reckless.  Accordingly, the court shall sustain the defendant's objection and not apply the enhancement.

With this decision, the defendant's total offense level is 22 and his criminal history category is I.  His guideline sentencing range became 41 to 51 months.  The court sentenced the defendant to a term of imprisonment of 41 months.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2007 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge